UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT BOOKER, JR.,

    Plaintiff,

vs.

Civil Action No.
06-CV-14752

HON. BERNARD A. FRIEDMAN

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This matter is presently before the Court on cross-motions for summary judgment [docket entries 8 and 13]. On August 31, 2007, Magistrate Judge Steven D. Pepe submitted a Report and Recommendation ("R&R"), recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. Plaintiff has filed objections to the Magistrate Judge's R&R, and Defendant has not filed a response.

    The court reviews *de novo* only those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The Court has had the opportunity to fully review this matter. For the reasons stated below, the Court finds that Magistrate Judge Pepe reached the proper conclusions for the proper reasons. Therefore, the Court will accept and adopt the Magistrate Judge's R&R as the findings and conclusions of the Court, deny Plaintiff's

1

Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment.

The procedural history and facts of this case have been succinctly and accurately summarized by Magistrate Judge Pepe. *See* R&R at 1-12. Plaintiff was denied disability insurance benefits and Social Security income by the Commissioner of Social Security on the grounds that Plaintiff has not been under a "disability," as defined by the applicable statutory law. R. 25. Specifically, Administrative Law Judge Richard P. Laverdure ("ALJ Laverdure") found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in Title 20 of the CFR. *See* R. 21.

The gist of Plaintiff's objections to the Magistrate Judge's R&R is that ALJ Laverdure gave insufficient weight to the medical opinions of one particular doctor whose testimony was highly favorable to Plaintiff. Indeed, Plaintiff disagrees with ALJ Laverdure's decision to "accord[] little weight to Dr. Duong's . . . opinions." R. 22. Dr. Duong examined Plaintiff and filled out a Medical Source Statement on June 2, 2005. *See* R. 437-443. In this document, Dr. Duong indicated that Plaintiff "<u>has not</u> been capable of performing sustained SEDENTARY work on a regular and continuing basis, i.e., 8 hours a day, 5 days a week, or an equivalent work schedule" and that "even if [Plaintiff] had the freedom to alternate sitting and standing during the work day, I believe my patient still would be limited as I have indicated . . ." R. 437-438 (emphasis in original).

ALJ Laverdure ascribed little weight to Dr. Duong's opinions for five reasons. First, Dr. Duong did not submit his examination and treatment notes in support of his medical conclusions. R. 22. Second, the objective medical evidence, including X-rays and laboratory reports, were not consistent with the extremely reduced level of activity described by Dr. Duong. *Id.* Third, the record did not indicate that Plaintiff was being prescribed the level of pain medication that might

2

be expected with a person so immobilized by pain. *Id*. Fourth, Dr. Duong did not recommend surgical intervention. *Id.* Finally, Dr. Duong "appears to have accepted the [Plaintiff's] subjective complaints, and the above-noted opinions appear reflective of a position of 'advocate' for the [Plaintiff] . . ." *Id.* Therefore, ALJ Laverdure found that Dr. Duong's "estimates of the [Plaintiff's] abilities [were] not credible." *Id.*

Plaintiff disagrees with ALJ Laverdure's findings in this respect, and urges the Court to reject Magistrate Judge Pepe's recommendation to grant Defendant's Motion for Summary Judgment since little weight was accorded to the opinions of Dr. Duong. Plaintiff argues,

> [t]he Magistrate Judge reported that the ALJ's determination to give little weight to the opinion of Dr. Duong was supported by substantial evidence because Dr. Duong failed to provide objective medical evidence to support her opinions. The Magistrate Judge reported that Dr. Duong did not submit Plaintiff's examination or treatment notes to support her opinion. It is submitted that if the treatment notes were deemed to be a crucial factor in the weight to be given Dr. Duong's opinion and assessment, the ALJ should have requested the notes and records or requested the Plaintiff's attorney to obtain those records. It is submitted that the Plaintiff was denied due process or a fair evaluation of his claim be [sic] not requesting the information and then using the absent [sic] of the non-requested information to discount the treating medical sources [sic] opinion.

(Pl.'s Objections at 2-3.) Therefore, Plaintiff argues that he was denied due process and/or a fair evaluation of his claims because ALJ Laverdure had a responsibility to request Dr. Duong's examination and treatment notes before relying on their absence to Plaintiff's detriment. The Magistrate Judge addressed this argument in his R&R. *See* R&R at 15-17. He found that "ALJ Laverdure's determination to give little weight to Dr. Duong's opinions is supported by substantial evidence" and that "ALJ Laverdure complied with his duty to fully and fairly develop the record . . ." *Id*. at 15, 17. In his objections, Plaintiff does not cite any law that tends to undercut the authorities relied upon by Magistrate Judge Pepe in reaching these conclusions. In addition, the

3

Court has had the opportunity to review the analysis conducted by Magistrate Judge Pepe, and also the conclusions that he reached. The Court finds that Magistrate Judge Pepe correctly and thoroughly analyzed this issue, and that he reached the proper conclusions for the proper reasons.

The Court makes two additional observations. First, ALJ Laverdure cited the absence of Dr. Duong's examination and treatment notes as only one of several reasons why he ascribed little weight to Dr. Duong's opinions. Although it is not clear how much weight he gave to each factor, it is clear that the other factors, in the aggregate, support his decision to discount Dr. Duong's opinions. Therefore, even if ALJ Laverdure had not cited the absence of the examination and treatment notes as one of his reasons for discounting the opinions of Dr. Duong, his decision to do so, in light of the other reasons given, would still pass muster under the highly deferential "substantial evidence" standard.

Second, the Fifth Circuit has held that,

> [the] Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. To establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result."

*Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (internal citations omitted) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984)). In the present case, "Plaintiff's counsel has not submitted on this judicial review any documents that might have made a difference to the ALJ in his decision . . ." R&R at 17. Therefore, due to Plaintiff's failure to make the requisite showing, he cannot successfully argue that the ALJ failed to fully and fairly develop the record.

Accordingly,

IT IS ORDERED that Magistrate Judge Pepe's R&R dated August 31, 2007, is accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied [docket entry 8].

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted [docket entry 13].

____s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:September 26, 2007
Detroit, Michigan


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman